Alicia L. Hinton,  SBN 292849
LAW OFFICE OF A.L. HINTON
2014 Tulare Street, Suite 408
Fresno, CA  93721
Telephone (559) 328-4800
Facsimile (559) 421-0373

Attorney for Debtor/Defendant,
MARCELA MARTINEZ

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MARCELA MARTINEZ,<br>         Debtor.<br><br>_____<br><br>TRAVIS CREDIT UNION,<br>         Plaintiff,<br><br>vs.<br><br>MARCELA MARTINEZ,<br><br>         Defendant.<br>_____ | Case No.: 16-12277<br><br>Chapter 7<br><br><br>Adv. Proceeding No. 16-01081<br><br>JOINT STATUS REPORT<br><br><br>Hrg:   Status Conference<br>Date:  November 30, 2016<br>Time:  10:00am<br>Location: Courtroom 11 |

      Plaintiff and Defendant, through their undersigned counsel, submit the following Joint Status Report as required by the Court's civil minute order of October 13, 2016.  Per the Court's order, the parties have conferred on the matters set forth in the Court's order and submit the following joint statement for the Court's information and consideration.

1.    <u>Settlement Discussions</u>.  The Court allowed time for the parties to continue exploring settlement discussions, if appropriate.

On October 13, 2016, Defendant made a revised offer of settlement to Plaintiff. On November 10, 2016, Plaintiff declined the settlement offer, determining that the parties are too far apart in their contemplations of reasonable settlement.  At this time, there are no expectations by either party of further settlement discussions.

2.    <u>Third Party Joinder</u>.  The Court asked the parties to consider the jurisdictional issues associated with the joinder of a third party in a 11 U.S.C. § 523(a)(2)(B) action.

The issue of joinder arises out of Defendant's affirmative defense that Plaintiff failed to join a necessary party, namely Razzari Nissan, the dealer that sold the vehicle to Defendant for which the accompanying loan was assigned to Plaintiff and the discharge of which is the subject of this adversary action. At the time of the status conference on October 13, 2016, Defendant had considered and rejected the notion of filing a third-party claim against Razzari. The Court, therefore, contemplated whether it had jurisdiction to join Razzari as a necessary third party to the action.

Defendant has since reconsidered her position and now seeks the Court's permission to file a third-party claim against Razzari Nissan and counterclaim against Plaintiff under applicable state consumer protection statutes.  Defendant intends to file a separate Motion for Leave to File the third-party complaint against Razzari Nissan (in accordance with F.R.Civ.P. 19, compulsory joinder, and F.R.Civ.P 14(a)(1)), as well as a counterclaim against Plaintiff (in accordance with F.R.Civ.P 13, permissive counterclaim).  These jurisdictional issues are presented here in response to the Court's minute order.

The bankruptcy court has jurisdiction to hear and determine adversary proceedings brought pursuant to 11 U.S.C. §§523, including §523(a)(2)(B) action to hold a debt nondischargeable, and may also hear and determine adversary proceedings brought under nonbankruptcy law, provided the proceedings are "core" matters. (28 U.S.C. §157(b)(1)). Plaintiff has brought this action under §523(a)(2)(b) and the parties have affirmed that the adversary proceeding is a core matter.

Razzari Nissan's alleged conduct is directly related to Plaintiff's claim of fraud against Defendant who claims that it was Razzari Nissan, not her, who engaged in the tortious conduct complained of. The third-party complaint and crossclaim would allow the court to make a full and final determination of the rights, obligations and liabilities of the parties directly involved in the creation of the debt at issue. Therefore, because the state law claims directly impact the present core proceeding, the Court has jurisdiction to hear and determine adversary proceedings brought under nonbankruptcy law.

F.R.Civ.P. 14(a)(1) provides that a defendant may serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. Federal Rules of Bankruptcy Procedure 7019 governs joinder of persons needed for a "just determination" (compulsory joinder) by incorporating F.R.Civ.P. 19 with a modification requiring the court to dismiss any defendant who successfully raises as a defense a claim that the court lacks subject matter jurisdiction.

Razzari Nissan may object to being joined based on a claim of improper venue or lack of subject matter jurisdiction, and the court would then be required to determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  F.R.Civ.P. 19(a)(3), (b).  However, that issue is not yet before the court.

The parties before the court agree that Razzari Nissan is a necessary party, and seek the Court's affirmative ruling on Defendant's Motion for Leave to File the third-party complaint against Razzari Nissan, and counterclaim against Plaintiff. The parties consent to a final adjudication of state law claims, relieving the court of any *Stern* claims should they arise. [1]

3.   <u>In Pari Delicto Defense</u>.  The Court asked the parties to consider whether the defendant may raise an in pari delicto defense, and if so, whether a formal amendment of the pleadings is required or whether a stipulation by the parties is sufficient.

---

[1] *Stern v. Marshall* 564 U.S. ___ (2011), 131 S.Ct. 2594. See also *Wellness International Network, Ltd., et al. v. Sharif* 575 U.S. ___ (2015), No. 13-935; and *Executive Benefits Insurance Agency v. Arkison (In re Bellingham Insurance Agency, Inc.)* 573 U.S. ___ (2014), No. 12-1200.

An in pari delicto defense asks the court to rule that each party is equally at fault for wrongful conduct and mandates that the court not intercede to resolve a dispute between two wrongdoers, thereby leaving them exactly as they were before the action was filed. *AHERF v. PWC*, 989 A.2d 313 (Pa. 2010) "The in pari delicto doctrine states "property delivered under an illegal contract cannot be recovered back by any party in pari delicto. ... [N]either party to an illegal contract will be aided by the court, whether to enforce it or set it aside." *Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009), citations omitted." *Flores v. Hagobian*, CASE NO. 1:04-CV-6405 AWI DLB (E.D. Cal. Sep. 6, 2013).

Here, the Defendant seeks to be free of the debt and Plaintiff seeks to hold Defendant liable for the debt. By leaving the parties as the Court finds them, it is unclear if the Court would leave the parties as it found them in the pendency of the bankruptcy petition prior to this adversary proceeding, or leave the parties as they were before the Defendant filed her bankruptcy petition. If the former, then the debt would seemingly be discharged without challenge, which would, in essence, take away Plaintiffs right to challenge the discharge. If the latter, then the debt would remain an obligation of the Defendant, which she has no means of paying. Regardless, the parties jointly desire the Court to make a final determination as to the dischargeability of the debt, or seek a final determination of the status of the debt as raised under state law claims.

///
///
///
///
///
///
///
///
///
///
///

4.    <u>Additional Affirmative Defenses</u>.  The Court asked the Defendant to consider whether affirmative defenses other than indispensability of the parties, estoppel or unclean hands should be preserved. Defendant, at this time, does not seek to preserve additional affirmative defenses, but reasserts her right to reserve any and all other relevant affirmative defenses that are, prior to discovery, unknown to her, and to amend the Answer to conform to proof prior to trial. (See ANSWER ¶ 55.)

Dated:  November 15, 2016                **LAW OFFICE OF A.L. HINTON**

                                 /s/ Alicia L. Hinton
                                 ALICIA L. HINTON
                                 Attorney for Plaintiff
                                 MARCELA MARTINEZ

Dated:  November 15, 2016                **LAW OFFICE OF JOHN MENDONZA**

                                   /s/ John Mendonza
                                 JOHN MENDONZA
                                 Attorney for Plaintiff
                                 TRAVIS CREDIT UNION